This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Donald Erdin Kampfer, appeals his adjudication as a sexual predator in the Lorain County Court of Common Pleas. We affirm.
On May 1, 1996, Mr. Kampfer was indicted by the Lorain County Grand Jury on one count of rape, in violation of R.C. 2907.02(A)(1) and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4). Each charge indicted was accompanied by a specification that Mr. Kampfer had previously been convicted of a charge substantially equivalent to an aggravated felony.
The charges stemmed from an incident in which Mr. Kampfer performed cunnilingus upon a very young girl. On July 26, 1996, Mr. Kampfer withdrew his not guilty plea and entered a plea of guilty, which was accepted by the court. The specifications were dismissed, as they post-dated the incident with which Mr. Kampfer was charged. On August 22, 1996, Mr. Kampfer was sentenced accordingly. He did not pursue an appeal.
On October 17, 2000, Mr. Kampfer was summoned before the Lorain County Court of Common Pleas for a sexual predator hearing to be held on November 16, 2000. The matter was heard by the trial court on November 16, 2000. The trial court issued its determination, adjudicating Mr. Kampfer a sexual predator, on November 22, 2000. This appeal followed.
Mr. Kampfer asserts one assignment of error:
 The Trial Court erred in classifying the Appellant as a Sexual Predator pursuant to R.C. § 2950.09 [sic] because the manifest weight of the evidence does not support the sexual predator finding.
 Mr. Kampfer asserts that the trial court acted against the manifest weight of the evidence in adjudicating him a sexual predator. Specifically, he avers that because he was only convicted of one instance of sexual conduct, committed upon one victim, the trial court's determination that he is likely to reoffend is against the manifest weight of the evidence. We disagree.
"This court applies the same standard in determining whether a sexual predator adjudication is against the manifest weight of the evidence as in reviewing a criminal conviction." State v. Linden (Feb. 2, 2000), Medina App. No. 2984-M, unreported, at 3. In reviewing a manifest weight challenge, this court
 must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
R.C. 2950.01(E) defines a sexual predator as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Rape, in violation of R.C. 2907.02, is a sexually oriented offense as is gross sexual imposition, in violation of R.C. 2907.05. R.C. 2950.01(D)(1). In determining whether the defendant is likely to commit sexually oriented offenses in the future, a trial court must consider all relevant factors, including, but not limited to:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
 R.C. 2950.09(B)(2). In meeting its burden of proof, the state is not required to satisfy each of these statutory factors; rather, the state must prove by clear and convincing evidence that the defendant is likely to commit one or more sexually oriented offenses in the future. State v. Remines (June 23, 1999), Lorain App. No. 97CA006903, unreported, at 5. Clear and convincing evidence is that which produces in the trier of fact a firm belief or conviction as to the matter to be established. Cross v. Ledford
(1954), 161 Ohio St. 469, 477.
Accordingly, Mr. Kampfer had pleaded guilty to two sexually oriented offenses, fulfilling that prong of the required findings for a sexual predator adjudication. The second prong is a determination, based upon clear and convincing evidence, that he is likely to reoffend. The evidence adduced below indicated that Mr. Kampfer performed cunnilingus on a seven or eight year old girl. He did so by inverting her while he sat in a chair. He also fondled her genitals. Further, Mr. Kampfer was apparently an occasional guest of the child's mother and occasionally stayed at the victim's mother's residence. This Court has recognized that the tender age of a victim is considered indicative of a strong likelihood to reoffend:
 [There is] overwhelming statistical evidence supporting the high potential of recidivism among sex offenders whose crimes involve the exploitation of young children. The age of the victim is probative because it serves as a telling indicator of the depths of offender's inability to refrain from such illegal conduct. The sexual molestation of young children, aside from its categorization as criminal conduct in every civilized society with a cognizable criminal code, is widely viewed as one of the most, if not the most, reprehensible crimes in our society. Any offender disregarding this universal legal and moral reprobation demonstrates such a lack of restraint that the risk of recidivism must be viewed as considerable.
 (Citations omitted.) State v. Hamilton (Apr. 14, 1999), Lorain App. No. 97CA006793, unreported, at 8, fn. 2; State v. Harris (Aug. 1, 2001), Lorain App. No. 00CA007691, unreported, at 10. Further, Mr. Kampfer apparently took advantage of the victim's mother's trust to obtain access to the victim. Clearly, the victim was very young, and Mr. Kampfer had multiple types of sexual contact with her. Finally, Mr. Kampfer has an extensive criminal record of non-sex crimes. Accordingly, upon thorough review of the record, we cannot conclude that the trial court acted against the manifest weight of the evidence or carried out a manifest miscarriage of justice in adjudging Mr. Kampfer a sexual predator.
Mr. Kampfer's assignment of error is overruled. The sexual predator adjudication by the Lorain County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ____________________________ WILLIAM G. BATCHELDER
CARR, J., WHITMORE, J. CONCUR.